GENERAL ELECTRIC COMPANY *vs.* ALFRED A. FAIN *et al.*

NOVEMBER 17, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This bill in equity was brought by the General Electric Company, a New York corporation duly authorized to do business in the state of Rhode Island, seeking statutory relief against the respondents under the provisions of general laws 1938, chapter 393, as amended, referred to as the fair trade act. In the superior court the respondents' demurrer to the bill was sustained on two grounds and a decree accordingly was entered. From that decree the complainant has duly prosecuted an appeal to this court.

The respondents' demurrer did not challenge the validity of the fair trade act on constitutional grounds, but asserted that complainant's allegations in the bill were not sufficient in law to support a cause in equity thereunder. After the entry of the decree appealed from complainant did not ask to amend but stood on the bill as drawn and treated the decree as final. In the circumstances we have before us only questions of law relating to the two grounds which were relied on by the trial justice in sustaining respondents' demurrer. These grounds of demurrer are as follows:

"Second: That it does not appear by the said bill of complaint with whom the complainant entered into the alleged agreements pursuant to the Rhode Island Fair Trade Act (General Laws, 1938, Chapter 393 as amended) nor is an exact copy of any such agreement made a part of the said bill of complaint.

Third: That it does not appear by the said bill of complaint that the complainant gave notice to the respondents of the exact and detailed wording of any such alleged agreement under the said Fair Trade Act including the names and addresses of the retailer or retailers with whom the alleged agreements were entered into."

Since the bill is based upon the provisions of the fair trade

act, it will be helpful to set out the pertinent sections thereof, G. L. 1938, chap. 393, which read as follows:

"§ 2. No contract relating to the sale or resale of a commodity which bears, or the label or container of which bears, the trade-mark, brand, or name of the producer of such commodity and which is in free and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the state of Rhode Island by reason of any of the following provisions which may be contained in such contract:

(1) That the buyer will not resell such commodity at less than the minimum price stipulated by the vendor."

"§ 4. An action at law or suit in equity may be brought by any person damaged by: * * * (d) the act of any person whether a party to such contract or not in wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the price stipulated in any such contract * * *."

While that act has been amended in certain particulars they are not important here.

The bill sets forth in substance that complainant is a nationally known manufacturer of electric housewares, such as toasters, waffle irons and sandwich grills, referred to as its products, which bear its trade-mark "General (GE) Electric"; that these products are in free and open competition with similar products produced by others which are sold and distributed in Rhode Island; that considerable effort and money have been expended in developing, perfecting, advertising and promoting such products; and that as a result thereof a valuable reputation and public good will have been established for the company, its products and trade-mark.

It also alleges that complainant had entered into fair trade agreements with retailers in Rhode Island; that thereby minimum retail prices for said products were stipulated

in accordance with the authority granted by the above-mentioned fair trade act; and that a printed form or representation of such an agreement was attached thereto and made a part thereof. The bill further alleges in substance and effect that respondents conduct a retail establishment in the city of Pawtucket for the sale of electrical appliances and housewares; that they did not sign any fair trade agreement with complainant; that they were, however, notified of the existence of fair trade agreements between complainant and other retailers in Rhode Island wherein certain minimum retail prices were stipulated for its products; and that, although such notice was confirmed by registered mail to respondents on separate occasions, they had continued to sell, offer for sale, and advertise for sale certain of complainant's trade-marked products below the minimum price set by such agreements pursuant to the fair trade act, whereby irreparable damage has been caused to complainant.

The complainant argues here that the trial justice erred in that he confused the two grounds of demurrer by treating them together; that actually he did not decide the third ground thereof; and that if he did so he misconceived the law or erroneously applied it in sustaining the third ground of respondents' demurrer. It is conceded that the controlling question is novel in this state and that the answer requires a construction of the pertinent statute. However, in support of its contentions complainant traces the general historical background of such fair trade legislation and then, upon its own analysis of the trial justice's rescript, concludes that he misconceived or misapplied the law.

In our opinion the decision in question was clearly based on the trial justice's interpretation of the fair trade act of this state. Assuming that the statute is constitutional, which question is neither before us nor decided, it is clearly in derogation of the common-law rights of respondents and must be construed strictly. Under the express provisions of

§4, before any right accrues to complainant against a non-signer of a fair trade contract, it must be alleged that complainant was damaged by the action of respondents in "wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the price stipulated" in an existing fair trade contract in this state. In other words any right to relief under the statute is expressly conditioned on the existence of at least one valid contract between complainant and a retailer in this jurisdiction, which contract actually made the article in question a so-called "fair trade product" under the act, and was known to defendant.

In the instant cause there is no allegation that any particular retailer, or one who was properly identifiable, had signed a fair trade contract as to the product allegedly sold by respondents. Indeed no retailer is named in the bill of complaint and no executed contract with any retailer is alleged or exhibited either in the bill or in the notice written to respondents. It is true a printed form or so-called "representative copy" of an agreement is referred to and attached to the bill, but it is without insertions of any date, retailer's name, product, or price. Such a blank form of allegation leaves a nonsigner without effective notice from which he might determine with reasonable security whether he would be thereafter "wilfully and knowingly" violating the terms of the fair trade act.

The complainant contends, however, that such information would be a matter of evidence to be introduced at the hearing on the merits in order to prove its case, but that it is not required in the pleadings. Generally speaking pleading in equity is satisfied if there are allegations of fact under which proof can be adduced and, if adduced, would support a good cause of action. See *Wolfe* v. *City of Providence*, 73 R. I. 417, 419. But the allegations must be proper assertions of fact which, if admitted, would make out a prima facie case for the relief prayed for. However, the complainant here was seeking special statutory relief. Therefore what-

ever may be said as to the sufficiency of general allegations in an ordinary equity case, it was incumbent upon complainant to satisfy by proper allegations of fact the specific conditions prescribed in the particular statute.

In our judgment the statute requires such allegations as a condition precedent to its operation and to the creation of any possible rights thereunder in favor of a complainant against a nonsigner. If it were otherwise, as contended by complainant, the statute would place respondents at the extreme disadvantage of doing business at their peril, even though they had not signed a fair trade contract with complainant, had no effective notice or means of reasonably identifying the existence of any contract signed by a retailer and covering the same product, and notwithstanding that complainant admittedly deals in other products which may not be within the purview of the fair trade act or contract.

We do not think it was intended by the statute to place such an unreasonable burden on the respondents. The information to satisfy the conditions thereof was wholly within the knowledge of the complainant and could easily have been alleged, if it were the fact. Moreover, if an executed contract with at least one retailer is vital to the operation of the statute, it follows that the notice to the respondents should be effective to satisfy the expressed basis of the right of action thereunder. In our judgment, therefore, the trial justice was correct in sustaining the demurrer, at least on the second ground. In view of that conclusion, it becomes unnecessary to consider the complainant's other contentions as to whether the bill of complaint is insufficient in respect to all the specifications in the third ground of demurrer, or whether the trial justice treated the second and third grounds together.

The complainant's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court.

BAKER, J., did not participate in the decision.

*Goodman, Oster & Gorin,* for complainant.

*Levy, Carroll & Jacobs, Daniel Jacobs,* for respondents.